UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JOHN KIRBY, | Case No. 2:21-cv-00095-RFB-EJY |
| Plaintiff, | ORDER |
| v. | |
| GITTERE, *et al.*, | |
| Defendants. | |

This action is a *pro se* civil rights action filed pursuant to 42 U.S.C. § 1983 by a prisoner in the custody of the Nevada Department of Corrections. On July 24, 2021, the Court issued an order dismissing the complaint with leave to amend the complaint within 30 days of that order. (ECF No. 3). The time period for filing an amended complaint has now expired, and Plaintiff has not filed an amended complaint or otherwise responded to the Court's order. District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. Thompson v. Hous. Auth. of City of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring

1    *pro se* plaintiffs to keep court apprised of address);  Malone v. U.S. Postal Service, 833
2    F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson
3    v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and
4    failure to comply with local rules).

5          In determining whether to dismiss an action for lack of prosecution, failure to obey
6    a court order, or failure to comply with local rules, the court must consider several factors:
7    (1) the public's interest in expeditious resolution of litigation; (2) the court's need to
8    manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring
9    disposition of cases on their merits; and (5) the availability of less drastic alternatives.
10   Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130;
11   Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

12         In the instant case, the Court finds that the first two factors, the public's interest in
13   expeditiously resolving this litigation and the Court's interest in managing the docket,
14   weigh in favor of dismissal.  The third factor, risk of prejudice to Defendants, also weighs
15   in favor of dismissal, since a presumption of injury arises from the occurrence of
16   unreasonable delay in filing a pleading ordered by the court or prosecuting an action.  See
17   Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor – public policy
18   favoring disposition of cases on their merits – is greatly outweighed by the factors in favor
19   of dismissal discussed herein.  Finally, a court's warning to a party that his failure to obey
20   the court's order will result in dismissal satisfies the "consideration of alternatives"
21   requirement.  Ferdik, 963 F.2d at 1262; Malone, 833 F.2d at 132-33; Henderson, 779
22   F.2d at 1424.  The Court's order requiring Plaintiff to file an amended complaint within
23   thirty days expressly stated that, if Plaintiff failed to file a timely complaint, this would be
24   dismissed with prejudice for failure to state a claim.  (ECF No. 3 at 15).  Thus, Plaintiff
25   had adequate warning that dismissal would result from his noncompliance with the
26   Court's order to file an amended complaint within thirty days.

27         For the foregoing reasons, it is ordered that Plaintiff's application to proceed *in*
28   *forma pauperis* (ECF No. 1) without having to prepay the full filing fee is granted.  Plaintiff

shall not be required to pay an initial installment fee.  Nevertheless, the full filing fee shall still be due, pursuant to 28 U.S.C. § 1915, as amended by the Prisoner Litigation Reform Act.  The movant herein is permitted to maintain this action to conclusion without the necessity of prepayment of fees or costs or the giving of security therefor.

It is further ordered that, pursuant to 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act, the Nevada Department of Corrections will forward payments from the account of John Kirby, # 1208191, to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action.  The Clerk of the Court will send a copy of this order to the Finance Division of the Clerk's Office.  The Clerk will send a copy of this order to the attention of **Chief of Inmate Services for the Nevada Department of Corrections,** P.O. Box 7011, Carson City, NV 89702.

It is further ordered that, regardless of the success of Plaintiff's action, the full filing fee shall still be due, pursuant to 28 U.S.C. §1915, as amended by the Prisoner Litigation Reform Act.

It is further ordered that this action is dismissed with prejudice based on Plaintiff's failure to file an amended complaint in compliance with this Court's July 24, 2021 order and for failure to state a claim.

It is further ordered that the Clerk of Court shall enter judgment accordingly and close this case.

DATED THIS 2nd day of September, 2021.

_____
RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE